IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

    Plaintiff,                    No. 2:09-cv-03045 GEB KJN PS

  v.

JEFF CUNAN,                           ORDER & FINDINGS AND
                                          RECOMMENDATIONS
    Defendant.
_____/

       Presently before the court is defendant's motion to dismiss plaintiff's complaint on the grounds that (1) plaintiff's claims are barred by the doctrine of claim preclusion/res judicata, (2) plaintiff's claims are barred by the doctrine of issue preclusion/collateral estoppel, (3) defendant is entitled to absolute prosecutorial immunity as to plaintiff's claims, and (4) plaintiff's claims are barred by the applicable statute of limitations.[1] (Dkt. No. 9.) Plaintiff is proceeding without counsel.[2] This matter was submitted on the briefs and record without oral argument. (Dkt. No. 11.)

---

[1] Although plaintiff's initial filing is entitled "Petition for Declaratory Judgment and Writ of Mandate/Prohibition," the undersigned construes and refers to that filing as a complaint for declaratory relief because plaintiff does not appear to actually seek writ relief. (See Dkt. No. 1.)

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 12).

The undersigned has fully considered the parties' briefs and the record in this case and, for the reasons stated below, recommends that defendant's motion to dismiss be granted and that this action be dismissed with prejudice. Plaintiff's claims are barred by the doctrine of claim preclusion as a result of the court's resolution of plaintiff's prior lawsuit, <u>Robinson v. State of California</u>, No. 2:04-cv-01888 GEB DAD PS ("<u>Robinson I</u>"), which the Ninth Circuit Court of Appeals affirmed. <u>Robinson v. State of California</u>, No. 05-17291, 223 Fed. Appx. 607 (9th Cir. 2007) (unpublished) ("<u>Robinson II</u>"), <u>cert. denied</u>, 552 U.S. 824 (2007). The undersigned concludes that defendant has not met his burden to demonstrate that the doctrine of issue preclusion applies in this case. In addition, because the record soundly supports the conclusion that plaintiff may not litigate claims that he could have brought in <u>Robinson I</u>, the undersigned does not reach defendant's alternate arguments in favor of dismissal.

I. <u>BACKGROUND</u>[3]

    A. <u>The Earlier Action</u>

In <u>Robinson I</u>, plaintiff filed a complaint in this court against the defendant in the present action, Jeff Cunan, and nearly 20 other defendants, which sought relief in connection with plaintiff's wrongful conviction and imprisonment for "possession of marijuana for sale, transporting marijuana and offering to sell, furnish or give away marijuana, all while being armed with a firearm." <u>Robinson I</u>, Findings & Recommendations at 3 (Dkt. No. 82). The California Court of Appeal had previously reversed plaintiff's criminal conviction on the grounds that "plaintiff did not waive his right to the assistance of counsel at his preliminary examination and

---

[3] Defendant requests that the court take judicial notice of (1) the court's file in the <u>Robinson I</u> matter; and (2) the decision of the Ninth Circuit Court of Appeals in <u>Robinson II</u>, which is also part of this court's docket in <u>Robinson I</u>, No. 2:04-cv-01888 GEB DAD PS (Dkt. No. 99). (<u>See</u> Req. for Judicial Notice, Dkt. No. 9.) A court may take judicial notice of court records in a prior case in order to determine the preclusive effect of the earlier case. <u>See</u>, <u>e.g.</u>, <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Shaw v. Hahn</u>, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); <u>Padilla v. Yoo</u>, 633 F. Supp. 2d 1005, 1021 (N.D. Cal. 2009). Accordingly, the undersigned grants defendant's request for judicial notice.

was erroneously denied appointment of counsel at that preliminary examination." Id. at 3 n.3. (taking judicial notice of the California Court of Appeal's decision). As recounted by the magistrate judge in Robinson I, Magistrate Judge Drozd, plaintiff's operative second amended complaint contained headings that alleged the following: (1) "Conspiracy to Wrongfully Convict and Imprison Plaintiff"; (2) "Wrongful Conviction and Imprisonment"; (3) "Conspiracy to Violate Plaintiff's Right to be Free From Unreasonable Search and Seizure"; (4) "Violation of Plaintiff's Right to be Secure Against Unreasonable Search and Seizure; (5) Conspiracy to Violate Plaintiff's Right to the Assistance of Counsel"; and (6) "Violation of Plaintiff's Right to the Assistance of Counsel." Id. at 4-5 (noting, however, that additional, imprecise claims had been "sprinkled" throughout the operative complaint).

Defendants filed a motion to dismiss, and Magistrate Judge Drozd entered findings and recommendations recommending, in relevant part, that defendants' motion be granted and that the second amended complaint be dismissed without leave to amend. Id. at 8. He found that, even after being granted leave to amend, plaintiff's operative complaint alleged claims in a manner that "the precise nature of the attempted claims . . . [was] unclear" and, as a result, failed to meet the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. Id. at 4-5. In addition, he concluded that the operative complaint failed to state a cognizable claim because it "does not allege how the conduct complained of has resulted in the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. Id. at 5-6. Specifically as to Jeff Cunan, the defendant in the present action, Magistrate Judge Drozd further concluded that Cunan was entitled to prosecutorial immunity regardless of the state trial court's errors. Id. at 6. Finally, he recommended dismissal of a claim alleged under 42 U.S.C. § 1985 because plaintiff failed "to allege specific facts from which a conspiracy between defendants could be inferred." Id. at 7 ("Additionally, plaintiff's failure to allege a § 1983 deprivation of rights precludes a § 1985

conspiracy claim predicated on the same allegations.").

The district judge in Robinson I adopted the findings and recommendations "in full" and entered judgment against plaintiff. Robinson I, Dkt. Nos. 85, 86. Plaintiff appealed the district court's order and judgment.

In relevant part, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's claims against the prosecutors on the ground that the prosecutors "were entitled to absolute immunity, because they were performing functions intimately associated with the judicial phase of Robinson's criminal trial." Robinson II, 223 Fed. Appx. at 608 (citation and internal quotation marks omitted). The Court of Appeals further held that the district court "properly concluded that Robinson failed to adequately allege that defendants conspired to violate his civil rights." Id.

B.  The Present Action

On November, 2, 2009, over two years after the United States Supreme Court denied certiorari in the earlier action, plaintiff filed his complaint, which consists of a two-page document that includes a prayer for relief, and an appended statement of facts.[4] (See Dkt. No. 1.) Although it is difficult to discern what claims are alleged in the complaint, it appears that plaintiff alleges that he is entitled to a declaratory judgment with respect to the violation of his Sixth Amendment right to counsel in the state criminal proceedings. (Compl. at 1, ¶¶ 1-3.) He also appears to request injunctive relief, as quoted below. (Id. at 2.) The initial, two-page portion of the complaint only relates to plaintiff's wrongful conviction in state court.[5]

Attached to plaintiff's complaint is a fifteen-page "statement of facts" that

---

[4] Unlike his complaint in Robinson I, Plaintiff's present complaint names a single defendant, Jeff Cunan. (Compl. at 1.)

[5] The complaint also recognizes that plaintiff previously sued defendant for damages in this court, that this court dismissed his case, that the Court of Appeals affirmed the dismissal, and that the Supreme Court denied certiorari. (Compl. at 1, ¶ 10.)

4

purports to show how "Respondent Jeff Cunan and several other Plumas County court officers conspired to wrongfully convict and imprison [plaintiff] by violating [plaintiff's] right to counsel and a spectacular array of other intentional misconduct." (Compl. at 4.) This statement, which consists of 298 paragraphs, alleges facts that begin with plaintiff's arrest in 2000, recounts plaintiff's wrongful conviction in the state courts, and concludes with the reversal of plaintiff's conviction by the California Court of Appeal in 2003. (Id. at 4-18.) None of these factual allegations refers to a present or current dispute between plaintiff and defendant despite plaintiff's conclusory allegation that such a dispute exists. (Id. at 1, ¶ 1.)

Plaintiff's complaint includes the following prayer for relief:

1. Petitioner requests that this court declare the following:
   A. Is Respondent immune from injunction?
   B. Is Respondent immune from criminal liability?
   C. Did Petitioner have a right to the assistance of counsel in 00-26978?
   D. Is it a crime for a judge or prosecutor to intentionally violate that right?
   E. Is it a crime for a prosecutor to conspire with a judge to violate that right?
   F. Who has the duty to prosecute that crime?
   G. What court has jurisdiction over that crime?

2. Petitioner requests that this court mandate and prohibit the following:
   A. Prohibit Respondent from prosecuting Petitioner.
   B. Mandate California Attorney General to prosecute Petitioner for any crime accused against Petitioner in Plumas County in future.

3. Petitioner requests an opportunity to be heard with subpoena powers in an evidentiary hearing if Respondent opposes this petition or denies any fact.

4. Petitioner requests that the magistrates of this court do whatever is necessary and all that is possible to hold Respondent and accomplices accountable for their felony conspiracy to wrongfully convict him by violating his right to counsel and a spectacular array of other intentional misconduct.

(Id. at 2.)

## II.    LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may

consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment. See Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)); Padilla v. Yoo, 633 F. Supp. 2d 1005, 1021 (N.D. Cal. 2009).

III. DISCUSSION

A. Claim Preclusion[6]

As the Supreme Court recently stated, "[u]der the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, ___, 128 S. Ct. 2161, 2171 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001); accord Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009) ("Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action."). The party seeking to apply claim preclusion bears the burden of demonstrating that "there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." Cell Therapeutics, Inc., 586 F.3d at 1212 (citation and quotation marks omitted); see also Taylor, 128 S. Ct. at 2179-80 (stating that because claim preclusion is an affirmative defense, the party asserting the doctrine bears the burden of establishing all of the required elements).

1. Identity of Claims

The undersigned concludes that there is an identity of claims between Robinson I

---

[6] The undersigned notes that defendant's arguments based on the doctrines of claim and issue preclusion (styled as "res judicata/collateral estoppel"), which span a total of 14 lines in defendant's brief, could be fairly described as providing the "bare minimum" in support of defendant's motion to dismiss. (See Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss at 3:4-18.) Defendant's joint discussion of the doctrines of claim and issue preclusion—which are distinct doctrines—and sparse citations to legal authorities and the record, are particularly unhelpful to the court. Although defendant's brief raises questions regarding his ability to meet his burden, the undersigned nonetheless considers the merits of defendant's claim preclusion argument.

and the present action. The court examines "four factors to determine whether there is an identity of claims: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." ProShipLine Inc. v. Aspen Infrastructures Ltd., 594 F.3d 681, 688 (9th Cir. 2010) (emphasis omitted). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Id. at 688-89 (citations, quotation marks, and emphasis omitted).

Here, the two lawsuits arise from the same transactional nucleus of facts. The claims and factual allegations at issue in Robinson I and those alleged here all relate to plaintiff's wrongful conviction in state court and, specifically, the alleged conspiracy to wrongfully deprive plaintiff of the assistance of counsel. There are no materially or temporally different allegations in the present complaint, evidenced in part by the fact that plaintiff's "statement of facts" addresses the same facts that were at issue in Robinson I. The claims in both actions could thus be conveniently tried together.

Plaintiff argues in his opposition to defendant's motion that claim preclusion does not apply here because the complaint "addresses future criminal activity, not compensation for past wrongs." (Dkt. No. 10 at 1.) He also states that "[w]hile the factual predicate is the same, the causes of action are different." (Id.) Plaintiff's admission of an identical factual predicate confirms that the two lawsuits arise from the same transactional nucleus of facts and that plaintiff could have sought declaratory relief and injunctive relief in the earlier lawsuit.

In addition, the rights and interests established in Robinson I would be destroyed or impaired by prosecution of the second action. Robinson I and the resulting appeal concluded that plaintiff failed to adequately allege a conspiracy and that defendant was entitled to

prosecutorial immunity in connection with plaintiff's wrongful conviction in state court. Permitting prosecution of the present suit, which raises these same issues, would plainly eviscerate the rights and interests established in Robinson I.

Furthermore, the two lawsuits involve the infringement of the same rights. In both actions, plaintiff alleged that he was deprived of the assistance of counsel in connection with his wrongful criminal conviction and that there was a conspiracy to effectuate that deprivation. That plaintiff has styled his present complaint as one seeking declaratory relief does not alter the fact that the same underlying right is at issue in both actions.

Because Robinson I was dismissed at the pleading stage, the undersigned cannot say with certainty that the same evidence would be presented in both actions. However, that the allegations at issue in the two actions are essentially identical gives rise to a reasonable inference that substantially the same evidence would be presented relevant to both actions.

Following review of the relevant factors, the undersigned concludes that there is an identity of issues in Robinson I and the present lawsuit.

### 2. Final Judgment on the Merits

As to the second claim preclusion element, the judgment in Robinson I, which dismissed plaintiff's complaint for failure to state a cognizable claim, constitutes a "final judgment on the merits." The Ninth Circuit Court of Appeals has held that dismissals entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3 (1981)); accord Gasho v. United States, 39 F.3d 1420, 1438 n.17 (9th Cir. 1994).

### 3. Identity or Privity Between the Parties

Regarding the last element of the claim preclusion doctrine, there is no question

that there is an identity of parties in the earlier action and the present one. See Cell Therapeutics, Inc., 586 F.3d at 1212. Plaintiff and defendant were both parties to Robinson I.

Based on the foregoing, the undersigned concludes that the doctrine of claim preclusion applies to plaintiff's present lawsuit. Accordingly, this action should be dismissed with prejudice.

B.     Issue Preclusion

Contrasted with claim preclusion, "[i]ssue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor, 128 S. Ct. at 2171 (quoting New Hampshire, 532 U.S. at 748-49); accord United States v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) ("The . . . doctrine of collateral estoppel, or issue preclusion, provides that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit" (citation omitted).). The party seeking to rely on issue preclusion bears the burden of demonstrating that each of the following elements have been met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050-51 (9th Cir. 2008).

The undersigned concludes that defendant has not met his burden to demonstrate that all of the elements required to apply the issue preclusion doctrine apply here. At a minimum, defendant has not identified with any specificity which particular issue or issues plaintiff has raised in his present lawsuit that were "actually litigated" in the earlier action. (See Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss at 3:4-18.) Without more than the vague

and generalized argument offered by defendant, the undersigned is unable to adequately evaluate defendant's issue preclusion argument.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's request for judicial notice is granted (Dkt. No. 9, Doc. 9, pt. 3).

Furthermore, IT IS RECOMMENDED that defendant's motion to dismiss be granted and that this action be dismissed with prejudice (Dkt. No. 9, Doc. 9, pts. 1-2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 16, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE