1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH ROBINSON,

11              Plaintiff,              No. 2:09-cv-03045 GEB KJN PS

12        v.

     JEFF CUNAN,                        ORDER & FINDINGS AND
13                                      RECOMMENDATIONS

14              Defendant.
     _____/

15              Presently before the court is defendant's motion to dismiss plaintiff's complaint

16   on the grounds that (1) plaintiff's claims are barred by the doctrine of claim preclusion/res

17   judicata, (2) plaintiff's claims are barred by the doctrine of issue preclusion/collateral estoppel,

18   (3) defendant is entitled to absolute prosecutorial immunity as to plaintiff's claims, and

19   (4) plaintiff's claims are barred by the applicable statute of limitations.[1]  (Dkt. No. 9.)  Plaintiff is

20   proceeding without counsel.[2]  This matter was submitted on the briefs and record without oral

21   argument.  (Dkt. No. 11.)

22

23        [1] Although plaintiff's initial filing is entitled "Petition for Declaratory Judgment and Writ
     of Mandate/Prohibition," the undersigned construes and refers to that filing as a complaint for
24   declaratory relief because plaintiff does not appear to actually seek writ relief.  (See Dkt. No. 1.)

25        [2] This action proceeds before this court pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9,
26   2010 (Dkt. No. 12).

1       The undersigned has fully considered the parties' briefs and the record in this case

2   and, for the reasons stated below, recommends that defendant's motion to dismiss be granted and

3   that this action be dismissed with prejudice.  Plaintiff's claims are barred by the doctrine of claim

4   preclusion as a result of the court's resolution of plaintiff's prior lawsuit, Robinson v. State of

5   California, No. 2:04-cv-01888 GEB DAD PS ("Robinson I"), which the Ninth Circuit Court of

6   Appeals affirmed.  Robinson v. State of California, No. 05-17291, 223 Fed. Appx. 607 (9th Cir.

7   2007) (unpublished) ("Robinson II"), cert. denied, 552 U.S. 824 (2007).  The undersigned

8   concludes that defendant has not met his burden to demonstrate that the doctrine of issue

9   preclusion applies in this case.  In addition, because the record soundly supports the conclusion

10  that plaintiff may not litigate claims that he could have brought in Robinson I, the undersigned

11  does not reach defendant's alternate arguments in favor of dismissal.

12  I.    BACKGROUND[3]

13      A.    The Earlier Action

14      In Robinson I, plaintiff filed a complaint in this court against the defendant in the

15  present action, Jeff Cunan, and nearly 20 other defendants, which sought relief in connection

16  with plaintiff's wrongful conviction and imprisonment for "possession of marijuana for sale,

17  transporting marijuana and offering to sell, furnish or give away marijuana, all while being armed

18  with a firearm."  Robinson I, Findings & Recommendations at 3 (Dkt. No. 82).  The California

19  Court of Appeal had previously reversed plaintiff's criminal conviction on the grounds that

20  "plaintiff did not waive his right to the assistance of counsel at his preliminary examination and

21  

---

22      [3] Defendant requests that the court take judicial notice of (1) the court's file in the

23  Robinson I matter; and (2) the decision of the Ninth Circuit Court of Appeals in Robinson II, which is also part of this court's docket in Robinson I, No. 2:04-cv-01888 GEB DAD PS (Dkt. No. 99).  (See Req. for Judicial Notice, Dkt. No. 9.)  A court may take judicial notice of court

24  records in a prior case in order to determine the preclusive effect of the earlier case.  See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Shaw v.

25  Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); Padilla v. Yoo, 633 F. Supp. 2d 1005, 1021 (N.D. Cal. 2009).  Accordingly, the undersigned grants defendant's request for judicial notice.

26

was erroneously denied appointment of counsel at that preliminary examination." Id. at 3 n.3. (taking judicial notice of the California Court of Appeal's decision).  As recounted by the magistrate judge in Robinson I, Magistrate Judge Drozd, plaintiff's operative second amended complaint contained headings that alleged the following: (1) "Conspiracy to Wrongfully Convict and Imprison Plaintiff"; (2) "Wrongful Conviction and Imprisonment"; (3) "Conspiracy to Violate Plaintiff's Right to be Free From Unreasonable Search and Seizure"; (4) "Violation of Plaintiff's Right to be Secure Against Unreasonable Search and Seizure; (5) Conspiracy to Violate Plaintiff's Right to the Assistance of Counsel"; and (6) "Violation of Plaintiff's Right to the Assistance of Counsel." Id. at 4-5 (noting, however, that additional, imprecise claims had been "sprinkled" throughout the operative complaint).

Defendants filed a motion to dismiss, and Magistrate Judge Drozd entered findings and recommendations recommending, in relevant part, that defendants' motion be granted and that the second amended complaint be dismissed without leave to amend. Id. at 8. He found that, even after being granted leave to amend, plaintiff's operative complaint alleged claims in a manner that "the precise nature of the attempted claims . . . [was] unclear" and, as a result, failed to meet the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. Id. at 4-5.  In addition, he concluded that the operative complaint failed to state a cognizable claim because it "does not allege how the conduct complained of has resulted in the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. Id. at 5-6.  Specifically as to Jeff Cunan, the defendant in the present action, Magistrate Judge Drozd further concluded that Cunan was entitled to prosecutorial immunity regardless of the state trial court's errors. Id. at 6.  Finally, he recommended dismissal of a claim alleged under 42 U.S.C. § 1985 because plaintiff failed "to allege specific facts from which a conspiracy between defendants could be inferred." Id. at 7 ("Additionally, plaintiff's failure to allege a § 1983 deprivation of rights precludes a § 1985

1  conspiracy claim predicated on the same allegations.").

2          The district judge in Robinson I adopted the findings and recommendations "in

3  full" and entered judgment against plaintiff.  Robinson I, Dkt. Nos. 85, 86.  Plaintiff appealed the

4  district court's order and judgment.

5          In relevant part, the Ninth Circuit Court of Appeals affirmed the district court's

6  dismissal of plaintiff's claims against the prosecutors on the ground that the prosecutors "were

7  entitled to absolute immunity, because they were performing functions intimately associated with

8  the judicial phase of Robinson's criminal trial."  Robinson II, 223 Fed. Appx. at 608 (citation and

9  internal quotation marks omitted).  The Court of Appeals further held that the district court

10  "properly concluded that Robinson failed to adequately allege that defendants conspired to

11  violate his civil rights."  Id.

12      B.      The Present Action

13          On November, 2, 2009, over two years after the United States Supreme Court

14  denied certiorari in the earlier action, plaintiff filed his complaint, which consists of a two-page

15  document that includes a prayer for relief, and an appended statement of facts.[4]  (See Dkt. No. 1.)

16  Although it is difficult to discern what claims are alleged in the complaint, it appears that

17  plaintiff alleges that he is entitled to a declaratory judgment with respect to the violation of his

18  Sixth Amendment right to counsel in the state criminal proceedings.  (Compl. at 1, ¶¶ 1-3.)  He

19  also appears to request injunctive relief, as quoted below.  (Id. at 2.)  The initial, two-page

20  portion of the complaint only relates to plaintiff's wrongful conviction in state court.[5]

21          Attached to plaintiff's complaint is a fifteen-page "statement of facts" that

22

23      [4]  Unlike his complaint in Robinson I, Plaintiff's present complaint names a single
    defendant, Jeff Cunan.  (Compl. at 1.)
24

25      [5]  The complaint also recognizes that plaintiff previously sued defendant for damages in
    this court, that this court dismissed his case, that the Court of Appeals affirmed the dismissal, and
26  that the Supreme Court denied certiorari.  (Compl. at 1, ¶ 10.)

purports to show how "Respondent Jeff Cunan and several other Plumas County court officers conspired to wrongfully convict and imprison [plaintiff] by violating [plaintiff's] right to counsel and a spectacular array of other intentional misconduct." (Compl. at 4.)  This statement, which consists of 298 paragraphs, alleges facts that begin with plaintiff's arrest in 2000, recounts plaintiff's wrongful conviction in the state courts, and concludes with the reversal of plaintiff's conviction by the California Court of Appeal in 2003.  (Id. at 4-18.)  None of these factual allegations refers to a present or current dispute between plaintiff and defendant despite plaintiff's conclusory allegation that such a dispute exists.  (Id. at 1, ¶ 1.)

Plaintiff's complaint includes the following prayer for relief:

1.  Petitioner requests that this court declare the following:
   A.  Is Respondent immune from injunction?
   B.  Is Respondent immune from criminal liability?
   C.  Did Petitioner have a right to the assistance of counsel in 00-26978?
   D.  Is it a crime for a judge or prosecutor to intentionally violate that right?
   E.  Is it a crime for a prosecutor to conspire with a judge to violate that right?
   F.  Who has the duty to prosecute that crime?
   G.  What court has jurisdiction over that crime?

2.  Petitioner requests that this court mandate and prohibit the following:
   A.  Prohibit Respondent from prosecuting Petitioner.
   B.  Mandate California Attorney General to prosecute Petitioner for any crime accused against Petitioner in Plumas County in future.

3.  Petitioner requests an opportunity to be heard with subpoena powers in an evidentiary hearing if Respondent opposes this petition or denies any fact.

4.  Petitioner requests that the magistrates of this court do whatever is necessary and all that is possible to hold Respondent and accomplices accountable for their felony conspiracy to wrongfully convict him by violating his right to counsel and a spectacular array of other intentional misconduct.

(Id. at 2.)

II.    LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

1    challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>

2    <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

3    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

4    plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see</u>

5    <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

6    motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

7    to state a claim to relief that is plausible on its face.'"  <u>Coto Settlement v. Eisenberg</u>, 593 F.3d

8    1031, 1034 (9th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949

9    (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the

10   court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

11   <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>,

12   129 S. Ct. at 1949).  The court accepts "all facts alleged as true and construes them in the light

13   most favorable to the plaintiff."  <u>County of Santa Clara v. Astra USA, Inc.</u>, 588 F.3d 1237, 1241

14   n.1 (9th Cir. 2009).  The court is "not, however, required to accept as true conclusory allegations

15   that are contradicted by documents referred to in the complaint, and [the court does] not

16   necessarily assume the truth of legal conclusions merely because they are cast in the form of

17   factual allegations."  <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted).  The

18   court must construe a pro se pleading liberally to determine if it states a claim and, prior to

19   dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure

20   them if it appears at all possible that the plaintiff can correct the defect.  <u>See</u> <u>Lopez v. Smith</u>, 203

21   F.3d 1122, 1130-31 (9th Cir. 2000).

22          In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally

23   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

24   matters properly subject to judicial notice."  <u>Outdoor Media Group, Inc. v. City of Beaumont</u>,

25   506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  The court may

26

consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment.  See Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)); Padilla v. Yoo, 633 F. Supp. 2d 1005, 1021 (N.D. Cal. 2009).

III.    DISCUSSION

      A.    Claim Preclusion[6]

      As the Supreme Court recently stated, "[u]der the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  Taylor v. Sturgell, 553 U.S. 880, ___, 128 S. Ct. 2161, 2171 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001); accord Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009) ("Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action.").  The party seeking to apply claim preclusion bears the burden of demonstrating that "there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties."  Cell Therapeutics, Inc., 586 F.3d at 1212 (citation and quotation marks omitted); see also Taylor, 128 S. Ct. at 2179-80 (stating that because claim preclusion is an affirmative defense, the party asserting the doctrine bears the burden of establishing all of the required elements).

      1.    Identity of Claims

      The undersigned concludes that there is an identity of claims between Robinson I

---

[6]  The undersigned notes that defendant's arguments based on the doctrines of claim and issue preclusion (styled as "res judicata/collateral estoppel"), which span a total of 14 lines in defendant's brief, could be fairly described as providing the "bare minimum" in support of defendant's motion to dismiss.  (See Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss at 3:4-18.)  Defendant's joint discussion of the doctrines of claim and issue preclusion—which are distinct doctrines—and sparse citations to legal authorities and the record, are particularly unhelpful to the court.  Although defendant's brief raises questions regarding his ability to meet his burden, the undersigned nonetheless considers the merits of defendant's claim preclusion argument.

and the present action.  The court examines "four factors to determine whether there is an

identity of claims: (1) whether the two suits arise out of the same transactional nucleus of facts;

(2) whether rights or interests established in the prior judgment would be destroyed or impaired

by prosecution of the second action; (3) whether the two suits involve infringement of the same

right; and (4) whether substantially the same evidence is presented in the two actions."

ProShipLine Inc. v. Aspen Infrastructures Ltd., 594 F.3d 681, 688 (9th Cir. 2010) (emphasis

omitted).  "Whether two suits arise out of the same transactional nucleus depends upon whether

they are related to the same set of facts and whether they could conveniently be tried together."

Id. at 688-89 (citations, quotation marks, and emphasis omitted).

        Here, the two lawsuits arise from the same transactional nucleus of facts.  The

claims and factual allegations at issue in Robinson I and those alleged here all relate to plaintiff's

wrongful conviction in state court and, specifically, the alleged conspiracy to wrongfully deprive

plaintiff of the assistance of counsel.  There are no materially or temporally different allegations

in the present complaint, evidenced in part by the fact that plaintiff's "statement of facts"

addresses the same facts that were at issue in Robinson I.  The claims in both actions could thus

be conveniently tried together.

        Plaintiff argues in his opposition to defendant's motion that claim preclusion does

not apply here because the complaint "addresses future criminal activity, not compensation for

past wrongs."  (Dkt. No. 10 at 1.)  He also states that "[w]hile the factual predicate is the same,

the causes of action are different."  (Id.)  Plaintiff's admission of an identical factual predicate

confirms that the two lawsuits arise from the same transactional nucleus of facts and that plaintiff

could have sought declaratory relief and injunctive relief in the earlier lawsuit.

        In addition, the rights and interests established in Robinson I would be destroyed

or impaired by prosecution of the second action.  Robinson I and the resulting appeal concluded

that plaintiff failed to adequately allege a conspiracy and that defendant was entitled to

1   prosecutorial immunity in connection with plaintiff's wrongful conviction in state court.

2   Permitting prosecution of the present suit, which raises these same issues, would plainly

3   eviscerate the rights and interests established in Robinson I.

4          Furthermore, the two lawsuits involve the infringement of the same rights.  In

5   both actions, plaintiff alleged that he was deprived of the assistance of counsel in connection

6   with his wrongful criminal conviction and that there was a conspiracy to effectuate that

7   deprivation.  That plaintiff has styled his present complaint as one seeking declaratory relief does

8   not alter the fact that the same underlying right is at issue in both actions.

9          Because Robinson I was dismissed at the pleading stage, the undersigned cannot

10  say with certainty that the same evidence would be presented in both actions.  However, that the

11  allegations at issue in the two actions are essentially identical gives rise to a reasonable inference

12  that substantially the same evidence would be presented relevant to both actions.

13         Following review of the relevant factors, the undersigned concludes that there is

14  an identity of issues in Robinson I and the present lawsuit.

15              2.    Final Judgment on the Merits

16         As to the second claim preclusion element, the judgment in Robinson I, which

17  dismissed plaintiff's complaint for failure to state a cognizable claim, constitutes a "final

18  judgment on the merits."  The Ninth Circuit Court of Appeals has held that dismissals entered

19  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief

20  can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies.

21  Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (citing Federated Dep't Stores v.

22  Moitie, 452 U.S. 394, 399 n. 3 (1981)); accord Gasho v. United States, 39 F.3d 1420, 1438 n.17

23  (9th Cir. 1994).

24              3.    Identity or Privity Between the Parties

25         Regarding the last element of the claim preclusion doctrine, there is no question

26

1   that there is an identity of parties in the earlier action and the present one.  See Cell Therapeutics,

2   Inc., 586 F.3d at 1212.  Plaintiff and defendant were both parties to Robinson I.

3          Based on the foregoing, the undersigned concludes that the doctrine of claim

4   preclusion applies to plaintiff's present lawsuit.  Accordingly, this action should be dismissed

5   with prejudice.

6          B.     Issue Preclusion

7          Contrasted with claim preclusion, "[i]ssue preclusion . . . bars 'successive

8   litigation of an issue of fact or law actually litigated and resolved in a valid court determination

9   essential to the prior judgment,' even if the issue recurs in the context of a different claim."

10  Taylor, 128 S. Ct. at 2171 (quoting New Hampshire, 532 U.S. at 748-49); accord United States v.

11  Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) ("The . . . doctrine of collateral estoppel, or issue

12  preclusion, provides that 'when an issue of ultimate fact has once been determined by a valid and

13  final judgment, that issue cannot again be litigated between the same parties in any future

14  lawsuit" (citation omitted).).  The party seeking to rely on issue preclusion bears the burden of

15  demonstrating that each of the following elements have been met: "(1) there was a full and fair

16  opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that

17  action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person

18  against whom collateral estoppel is asserted in the present action was a party or in privity with a

19  party in the previous action."  Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050-51 (9th Cir.

20  2008).

21          The undersigned concludes that defendant has not met his burden to demonstrate

22  that all of the elements required to apply the issue preclusion doctrine apply here.  At a

23  minimum, defendant has not identified with any specificity which particular issue or issues

24  plaintiff has raised in his present lawsuit that were "actually litigated" in the earlier action.  (See

25  Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss at 3:4-18.)  Without more than the vague

26

and generalized argument offered by defendant, the undersigned is unable to adequately evaluate defendant's issue preclusion argument.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's request for judicial notice is granted (Dkt. No. 9, Doc. 9, pt. 3).

Furthermore, IT IS RECOMMENDED that defendant's motion to dismiss be granted and that this action be dismissed with prejudice (Dkt. No. 9, Doc. 9, pts. 1-2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 16, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE